**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CARLDTON L. WILLIS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-26-284-G** |
| **GENTNER DRUMMOND, in his official capacity as Attorney General of the State of Oklahoma, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Carldton L. Willis, a state prisoner appearing pro se, initiated this civil action in state court on August 14, 2025.[1] The action was removed to this Court on February 17, 2026. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review.

*I. Background*

In this action, Plaintiff challenges the registration requirements imposed on him under Oklahoma's Sex Offenders Registration Act as a result of his prior criminal convictions. *See* Compl. (Doc. No. 1-2); *see also State v. Willis*, Case No. CF-2002-3953 (Okla. Cnty. Dist. Ct.); *State v. Willis*, Case No. CF-2005-3825 (Okla. Cnty. Dist. Ct.).[2]

[1] Plaintiff initiated this action by placing his petition into the prison mail system. Under the prison mailbox rule, the mailing date is the date the document is deemed "filed" with the court. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007); *Willis v. Drummond*, Case No. CV-2025-2113 (Okla. Cnty. Dist. Ct.).

[2] The state-court case dockets are publicly available through https://www.oscn.net.

Plaintiff brings eight claims alleging violations of his federal and state civil rights against Defendants Gentner Drummond, in his official capacity as Attorney General of the State of Oklahoma, and Steve Harpe, in his official capacity as Director of the Oklahoma Department of Corrections.

Following removal, Plaintiff sought remand of this action, asserting "bad faith," a conflict of interest involving Defendants' counsel, and lack of subject-matter jurisdiction. *See* Pl.'s Am. Mot. to Remand (Doc. No. 21); Defs.' Resp. (Doc. No. 50); Pl.'s Reply (Doc. No. 65).

Defendants filed a Motion to Dismiss (Doc. No. 3), seeking dismissal of the Complaint based upon Plaintiff's lack of standing and failure to state a claim upon which relief can be granted. *See id.* at 4-14; Pl.'s MTD Resp. (Doc. No. 50).

On July 28, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 74), denying Plaintiff's Motion to Recuse (Doc. No. 68) and recommending that the Court deny Plaintiff's Amended Motion to Remand, grant in part Defendants' Motion to Dismiss (Doc. No. 3), and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Plaintiff filed a timely Objection to the R. & R. (Doc. No. 75), along with supplemental objections and additional briefing. *See* Doc. Nos. 76, 78, 79, 80. Pursuant to controlling authority, the Court reviews de novo any portion of the R. & R. addressing a dispositive motion to which a specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). In considering objections to non-dispositive rulings, the Court must adopt

the magistrate judge's ruling unless it determines that the ruling is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

*II. The Report and Recommendation*

*A. Plaintiff's Motion to Recuse*

Plaintiff's Motion to Recuse (Doc. No. 68) sought the recusal of Judge Maxfield under 28 U.S.C. §§ 144, 455(a), and 455(b)(1). Liberally construed, Plaintiff asserted the following grounds for recusal: (1) the entry of a case management order (Doc. No. 30) that Plaintiff contended was not applied symmetrically to the parties; (2) the absence of a ruling on Plaintiff's request to disqualify the Office of the Oklahoma Attorney General; (3) the decision not to compel Defendants to produce the entire state-court record; and (4) the failure to rule more expeditiously on Plaintiff's filings. *See id.* at 1-6; R. & R. at 7-8.

In the R. & R., Judge Maxfield assessed whether Plaintiff had satisfied his burden under 28 U.S.C. §§ 144, 455(a), or 455(b)(1) to show that recusal was warranted. Judge Maxfield concluded that Plaintiff had not established a basis for recusal under any of the three statutory provisions. Specifically, she determined that Plaintiff's asserted grounds would not cause a reasonable person to question her impartiality under § 455(a) and failed to establish the personal bias or prejudice required for recusal under §§ 144 or 455(b)(1). *See* R. & R. at 8-11. With respect to Plaintiff's affidavit under § 144, Judge Maxfield concluded that the affidavit was insufficient because it did not allege that she had any personal bias or prejudice against Plaintiff. *See id.* at 10.

Plaintiff objects that Judge Maxfield committed clear legal error by ruling on her own disqualification under 28 U.S.C. § 144. *See* Pl.'s Obj. at 2. Plaintiff's argument is unavailing, as it is "the duty of the judge to whom a motion of disqualification is directed to determine the legal sufficiency of the affidavit." *United States v. Hall*, 424 F. Supp. 508, 534 (W.D. Okla. 1975); *see also Bedford v. Nowlin*, No. 18-CIV-184, 2020 WL 8968837, at *1 (E.D. Okla. Mar. 10, 2020) (explaining that disqualification is not automatic upon the filing of an affidavit but instead occurs upon a finding of sufficiency). Thus, Judge Maxfield properly considered the sufficiency of Plaintiff's affidavit and concluded that it was insufficient to warrant recusal under § 144.

Plaintiff's remaining objections to the recusal ruling largely reassert the same arguments for recusal that Judge Maxfield expressly considered and rejected in the R. & R. These objections do not demonstrate that Judge Maxfield's denial of Plaintiff's Motion to Recuse was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Plaintiff's objection to this ruling is overruled.

*B. Plaintiff's Amended Motion to Remand*

Plaintiff objects that the magistrate judge committed "fundamental legal error" by failing to conduct an abstention analysis pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Pl.'s Suppl. Obj. (Doc. No. 76) at 6-7. As referenced in the R. & R., however, the Court is not obligated to address an argument raised for the first time in a reply brief. *See* R. & R. at 15-16; Pl.'s Reply at 4; Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Judge Maxfield considered all grounds properly presented in the Amended Motion to Remand in reaching the recommendation that remand be denied.

*C. Defendants' Motion to Dismiss*

Judge Maxfield determined that Plaintiff had standing but "failed to state any [federal] claims for relief that are plausible on their face." R. & R. at 16-28. Plaintiff objects that the recommended dismissal of Plaintiff's claims for violation of the Ex Post Facto Clause and the Due Process Clause should be rejected because the R. & R. improperly applied "an evidentiary standard reserved for summary judgment or trial, rather than accepting well-pleaded factual allegations as true at the 12(b)(6) stage." Pl.'s Obj. at 3.

To the contrary, Judge Maxfield discussed Plaintiff's pleading allegations and accepted them as true for purposes of Defendants' Motion to Dismiss, as required under Rule 12(b)(6). *See* R. & R. at 16, 21-24. In analyzing whether Plaintiff could state a viable substantive or procedural due process claim, for example, Judge Maxfield construed the Complaint's allegations in the light most favorable to Plaintiff despite finding that he had not sufficiently explained the basis for his due process argument. *See id.* at 24.

Plaintiff's primary objection to the R. & R.'s recommendation that the federal claims be dismissed is, essentially, that Judge Maxfield failed to grasp the precise contours of his claims and, consequently, failed to fully appreciate Plaintiff's entitlement to relief. *See* Pl.'s Obj. at 4, 17-19. The R. & R. clearly reflects, however, that the magistrate judge carefully and thoroughly considered Plaintiff's pleading allegations and applicable governing authority. *See* R. & R. at 19-28; *see also Twombly v. Iqbal*, 566 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The remainder of Plaintiff's objections either repeats arguments previously raised or presents new or unrelated issues that are not material to the analysis or findings set forth in the R. & R. *See* Pl.'s Obj. at 7-16, 19-21; *see also* Doc. Nos. 76, 78, 79, 80. These assertions do not evince any error in Judge Maxfield's findings or conclusions.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. No. 74) is ADOPTED in its entirety.

Plaintiff's objection to the denial of the Motion to Recuse (Doc. No. 68) is OVERRULED. Plaintiff's Amended Motion to Remand (Doc. No. 21) is DENIED.

Defendants' Motion to Dismiss (Doc. No. 3) is GRANTED as follows: Plaintiff's federal claims are dismissed without prejudice for failure to state a claim on which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Plaintiff's remaining motions (Doc. Nos. 4, 6, 7, 8, 9, 10, 11, 13, 14, 18, 22, 23, 25, 31, 54, 56, 58, 60, 61, 66, 67, 69, 70, 71, 76, 78, 79, 80) are DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of September, 2026.

CHARLES B. GOODWIN
United States District Judge